NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIFFANY S. GAITER, ON BEHALF OF D. S. G., A MINOR,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2019-1784

---

Appeal from the United States Court of Federal Claims in No. 1:17-vv-01040-MBH, Senior Judge Marian Blank Horn.

---

Decided: August 29, 2019

---

TIFFANY S. GAITER, Saginaw, MI, pro se.

HEATHER LYNN PEARLMAN, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, C. SALVATORE D'ALESSIO, CATHARINE E. REEVES.

---

Before PROST, *Chief Judge*, PLAGER and O'MALLEY,
                    *Circuit Judges.*

PER CURIAM.

Tiffany S. Gaiter appeals from a decision of the United
States Court of Federal Claims ("Claims Court") dismiss-
ing Ms. Gaiter's claim under the National Childhood Vac-
cine Injury Act of 1986 ("the Vaccine Act").   42 U.S.C.
§§ 300aa-1 to -34.  The Claims Court concluded that it did
not have jurisdiction to consider Ms. Gaiter's Notice of Re-
view under 42 U.S.C. § 300aa-12(e)(1)–(2) because it was
not timely filed within thirty days of the Special Master's
decision.  Because Ms. Gaiter's claim would be dismissed
regardless of whether § 300aa-12(e)(1)–(2) is a jurisdic-
tional prescription, we affirm.

I

This appeal arises from Ms. Gaiter's petition filed on
August 2, 2017, on behalf of her minor son, D.S.G., pursu-
ant to the Vaccine Act.  Ms. Gaiter's petition alleged that
(a) a measles-mumps-rubella vaccine ("MMR") D.S.G. re-
ceived on May 22, 2002, caused him to develop an autism
spectrum disorder; and (b) a second dose of MMR vaccine
D.S.G. received on July 16, 2014, significantly aggravated
his existing autism.  Following briefing by both parties, on
April 12, 2018, the Special Master issued a sealed order
dismissing the portion of Ms. Gaiter's claim pertaining to
the 2002 vaccination.  *See Gaiter v. Sec'y of Health & Hu-
man Servs.*, No. 17-1040V, 2018 WL 3030961 (Fed. Cl.
Spec. Mstr. Apr. 12, 2018).  The Special Master found that
the 2002 claim was barred by the Vaccine Act's statute of
limitations, which limits claims to thirty-six months from
the first symptom or manifestation of onset.  *Id.* (citing
§ 16(a)(2)).  The Special Master then held a status confer-
ence with the parties on May 2, 2018 and subsequently or-
dered Ms. Gaiter to show cause why the remaining 2014

claim should not be dismissed on the merits. Ms. Gaiter timely filed a response to that order on June 11, 2018.

Before Respondent replied and the Special Master reached its decision, on June 25, 2018, Ms. Gaiter filed a Notice of Appeal to this court at the Claims Court. Shortly thereafter, Respondent filed a response and then on July 6, 2018, the Special Master issued its final decision, which dismissed the portion of the case related to the 2014 vaccination. *Gaiter v. Sec'y of Health & Human Servs.*, No. 17-1040V, 2018 WL 3991229 (Fed. Cl. Spec. Mstr. July 6, 2018). In the absence of a notice of review under Vaccine Rules of the United States Court of Federal Claims Rule 23, the Claims Court entered judgment dismissing the case on August 9, 2018.

Meanwhile, on July 13, 2018, the Claims Court transmitted Ms. Gaiter's Notice of Appeal to this court. On September 25, 2018, this court entered its order remanding the appeal because we lacked jurisdiction to reach the merits where the Claims Court had never reviewed the Special Master's decision. This court ordered that the Claims Court "consider Ms. Gaiter's June 25, 2018 submission as a request for review." *Gaiter v. Sec'y of Health & Human Servs.*, No. 2018-2172, 2018 WL 7051506, *2 (Fed. Cir. Sept. 25, 2018).

On remand, the Claims Court concluded that it did not have jurisdiction to review the Special Master's decision in Ms. Gaiter's case because her request was not timely made. *Gaiter v. Sec'y of Health & Human Servs.*, 142 Fed. Cl. 666, 677–78 (2019). The Claims Court did not reach the merits of Ms. Gaiter's case.

Ms. Gaiter appealed. We have jurisdiction under 42 U.S.C. § 300aa-12(f).

## II

On appeal, Ms. Gaiter does not argue that the Claims Court had jurisdiction to review the Special Master's

decision.  Ms. Gaiter only includes arguments directed to the merits of her case.  In particular, Ms. Gaiter argues that her 2002 claim is not barred by the statute of limitations because that claim should be equitably tolled due to fraud and that her 2014 claim demonstrates continued harm.  *See* Appellant's Br. 1–3[1]; Reply Br. 1–2.[2]

Ms. Gaiter's claim of fraud is primarily based on an August 2014 letter written by Dr. William W. Thompson, which she argues proves that the Centers for Disease Control and Prevention ("CDC") knowingly concealed information linking the MMR vaccine to autism in a sub-group of patients that includes D.S.G. (i.e., African American males under the age of thirty-six months).  Appellant's Br. 1–2; Reply Br. 6, 11, 14–15.  Without citing any legal authority under the Vaccine Act, as "precedent" of fraud, Ms. Gaiter points us to a prior CDC study known as the Tuskegee Syphilis Study.  Reply Br. 8–10 (citing https://www.cdc.gov/tuskegee/timeline.htm), 16–17.  Ms. Gaiter states that she has never claimed that the MMR shot "gave" her son autism.  *Id.* at 13.

The government replies that the Claims Court's decision to dismiss this case for lack of jurisdiction should be affirmed.  Appellee's Br. 9–14.  The government argues that the statute makes clear that only a "decision" may be reviewed by the Claims Court and that the thirty-day appeal period commences "upon issuance of the special master's decision."  *Id.* at 10.  The government states that the Claims Court properly concluded that it did not have jurisdiction over Ms. Gaiter's June 25, 2018 Notice of Review because at the time of the request there was no appealable decision and because once the special master issued an

---

[1]    Citations are made to Appellant's informal brief dated June 6, 2019 and received June 17, 2019.

[2]    Citations are made to Appellant's informal reply brief dated June 18, 2019 and received June 21, 2019.

appealable decision, Ms. Gaiter failed to move for review within thirty days of its issuance. *Id.* at 11.

The government also replies to Ms. Gaiter's arguments on the merits. The government argues that the Special Master correctly determined that Ms. Gaiter's 2002 claim is barred by the statute of limitations because the circumstances of this case do not warrant the extraordinary relief of equitable tolling. Appellee's Br. 12 (citing *Krenik v. Sec'y of the Dep't of Health & Human Servs.*, No 03-2755V, 2014 WL 4387219 (Fed. Cl. Spec. Mstr. July 25, 2014)). The government further states that the evidence Ms. Gaiter presented fails to demonstrate a causal relationship, as required by the statute, between MMR vaccine and autism. Appellee's Br. 13–14. The government explains that the relationship between MMR vaccine and autism has been extensively litigated and rejected in thousands of Vaccine Act cases. Appellee's Br. 13 n.6 (citing *Snyder v. Sec'y of the Dep't of Health & Human Servs.*, No. 01-162V, 2009 WL 332044, at *4 n.12 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009); *see also id.* (citing *Cedillo v. Sec'y of Health & Human Servs.*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Hazelhurst v. Sec'y of the Dep't of Health & Human Servs.*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010)). Finally, the government argues that Ms. Gaiter failed to produce sufficient medical records to corroborate a vaccine-induced aggravation of D.S.G.'s autism related to the 2014 claim. Appellee's Br. 14; *see also* Appellee's Br. 84–86.

## III

We review de novo a decision by the Claims Court granting a motion to dismiss. *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016); *Widdoss v. Sec'y of the Dep't of Health & Human Servs.*, 989 F.2d 1170, 1174 (Fed.Cir.1993). The Vaccine Act created the National

Vaccine Injury Compensation Program through which claimants could seek compensation for vaccine-related injuries. When Congress passed the Vaccine Act, it established a statutory scheme to govern the procedure for cases brought under the Act. These statutes require specific procedural milestones to occur within set timelines.

This scheme requires that, after a petition is filed, the case be assigned to a special master for informal adjudication of the petition. *See* 42 U.S.C. § 300aa-12(d)(3). The special master's decision may be reviewed by the Claims Court, but only if a party has filed a motion or notice requesting review of that decision. *Id.* at § 300aa-12(e)(1). Such a request must be filed with the clerk of the Claims Court within thirty days of the decision. *Id.*

If a request is made within thirty days, the Claims Court may review the special master's decision and reach its own decision. *Id.* at § 300aa-12(e)(2). If, however, a request for review of the special master is not made within thirty days, the clerk of the Claims Court will enter judgment in accordance with the special master's decision. *Id.* at § 300aa-12(e)(3).

While this court has previously determined that the thirty-day time period in which to file a motion for review of the special master's decision is jurisdictional, *Widdoss*, 989 F.2d at 1177 ("[T]he 30-day time period in which to file a motion for review under section 300aa-12(e)(1) is jurisdictional."), the Supreme Court has more recently "stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules," *Fort Bend Cty, TX v. Davis*, 139 S. Ct. 1843, 1849 (2019). In *Fort Bend*, the Court held that "Title VII's charge-filing requirement is not of jurisdictional cast," but rather is a nonjurisdictional claim-processing rule. *Id.* at 1850; *see also id.* at 1849–50 (collecting examples of other such claim-processing rules, including Title VII's time limit for filing a charge with the Equal Employee Opportunity

Commission).

We need not decide, however, whether § 300aa-12(e)(1)–(2) is a jurisdictional prescription because, as explained below, we would affirm the Claims Court's dismissal regardless. As the government contends, this record does not provide us a basis to review or remand this case. The central claim in Ms. Gaiter's case is the 2002 claim and that claim is barred by the statute of limitations. 42 U.S.C. § 300aa-16(a)(2); *Gaiter*, No. 17-1040V, 2018 WL 3030961 at *2–3; *see also* Appellee's Br. 38–39, 44–48; *Gaiter*, 142 Fed. Cl. at 677 n.6.

With respect to the 2014 claim, Ms. Gaiter has failed to produce sufficient medical records or other evidence to support her claim despite multiple requests from the Special Master to do so. Appellee's Br. 49; *see also id.* at 29–30, 84–85; Reply Br. Letter to the Special Master, *1 (dated January 30, 2018); *Gaiter*, 142 Fed. Cl. at 677 n.6. The record shows that throughout her case, the Special Master and Claims Court instructed Ms. Gaiter on the evidence that was required to support her case, and that the Special Master afforded Ms. Gaiter multiple opportunities to produce such evidence. Thus, while we agree that leniency should be extended to Ms. Gaiter as a pro se litigant, particularly where her request for review was filed too early, we do not find a basis for setting aside the judgment of the Claims Court on this record.

For the foregoing reasons, we affirm the Claims Court's judgment dismissing the case.

**AFFIRMED**

COSTS

The parties shall bear their own costs.